

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 19, 1957

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-199

Re: Motor Fuel Tax Refund

Dear Mr. Calvert:

You have requested an opinion as to whether you are authorized to pay a Motor Fuel Tax Refund. You refer to Article 7065b, Vernon's Civil Statutes, and particularly subdivision (g) of Section 13 of said Article, as last amended by Acts, 1951, 52nd Legislature, page 695, Chapter 402, Section XXII, Section 4.

You set forth the pertinent facts as follows:

"A rancher operates a 200,000 acre ranch in King County, Texas which is bisected North to South by State Highway No. 83, and East to West by State Highway No. 82, on which trucks, pickups and power wagons are used for all general ranch purposes. A power wagon is a truck upon which is installed a separate unit used for lifting purposes.

"In the course of the ranch work these vehicles, which are all licensed for highway use by the State Highway Department travel daily or frequently over the bisecting highways in moving such vehicles from one division of the ranch to another. They travel from short distances up to and as far as 22 miles per trip between entrances to the ranch divisions. The Comptroller has declined to pay a tax refund claim filed by said rancher because no record was kept of the travel over the bisecting state highways and the refund motor fuel used in such travel was not deducted from the claim.

"The rancher contends that such vehicles
are used entirely on the ranch (off the high-
way) except for incidental travel necessary
to move the vehicles from one ranch property
to another, and that such highway travel is
so incidental to the basic ranch or non-highway
use of such vehicles that it does not constitute
a taxable use within the intent of the Legislature.

". . .

". . .

"Will you please advise whether the
Comptroller may, under the existing law,
approve a claim for tax refund in which the
claimant has failed to deduct motor fuel
used on the highway in incidental travel
from one division of his ranch to another?"

It is our opinion, based on these facts, that you
properly declined to pay the tax refund claim for the reason
that no record was kept of the travel over the public highway,
and the refund motor fuel charged to travel over the public
highway was not deducted from the claim.

Subdivision (f) of said Section 13 of Article 7065b,
as last amended by the same Act of the 52nd Legislature which
last amended subdivision (g) of this Article is also applicable.

The first paragraph of subdivision (g) of Section
13 of said Article 7065b, as last amended in 1951, reads as
follows:

" (g)  No tax refund shall be paid on
motor fuel used in automobiles, trucks, pick-
ups, jeeps, station wagons, buses, or similar
motor vehicles designed primarily for highway
travel, which travel both on and off the high-
way except as hereinafter provided. (a)  If
any such motor vehicles are used entirely for
non-highway purposes except when propelled
over the public highway to obtain repairs,
oil changes, or similar mechanical or main-
tenance services, or when propelled over the
public highway for other incidental purposes,
or (b) if any such motor vehicles are operated
exclusively during the period covered in any

refund claim over prescribed courses lying
between fixed terminals or bases, in which
such vehicles travel the same mileage on
the highway on each trip and the same mile-
age off the highway on each such trip,
then in such cases a tax refund claim may
be approved for the motor fuel used off
the public highway in such vehicles, only
when the claimant has kept a complete
record of each trip traveled over any
part of the public highway showing the
date, the highway mileage traveled and
the quantity of motor fuel used in each
of said vehicles during the period of
such travel." (Underscoring added)

While the syntax of this paragraph might be altered
for more ready comprehension, still it is evident that the
portion of this paragraph beginning with the first underscoring
qualifies all the preceding portion of this paragraph. This
portion of the law means just what it says: That a "complete
record of each trip traveled over any part of the public high-
way" must be kept, including all trips for incidental purposes.
This record furnishes the basis of the deduction for motor
fuel used on the public highway in the claim for motor fuel
tax refund.

The third paragraph of said subdivision (g) prescribes
definite and exact methods by which

"A claimant may account for any part
of refund motor fuel used upon the public
highway, and not eligible for tax refund,. . ."

These methods are clearly described and just as
clearly require exact recorded measurement of gasoline or
mileage charged to use upon the public highway and deducted
from the refund motor fuel covered by any invoice of exemption
in the claim.

The fourth and last paragraph of said subdivision (g)
reads as follows:

"The records prescribed hereinabove
shall be kept for a period of six (6) months
from the date any claim, to which such records
are pertinent, is filed in the Comptroller's
office, and no tax refund shall ever be paid
in whole or in part when a part of the motor

fuel purchased on any invoice of exemption
contained in the claim has been used to
operate a motor vehicle, tractor, or other
conveyance of any kind or description upon
any public highway for which a tax refund
is not authorized herein, unless the
claimant has kept for the time and in the
manner herein provided a complete record
of all such uses for which no tax refund
is authorized."  (Underscoring added)

This fourth paragraph of said subdivision (g), like
the first paragraph thereof quoted above, is clear and unam-
biguous in requiring a complete record of every trip traveled
over any part of the public highway, irrespective of the pur-
pose of the trip.

The second sentence of the second paragraph of sub-
division (f) of said Article 7065b, Section 13, is in harmony
with the various provisions of subdivision (g) of that Article
wherein it states:

"The claim for tax refund shall include
a statement that the information shown in
each duplicate invoice of exemption attached
to the tax refund claim is true and correct,
and that deductions have been made from the
tax refund claim for all motor fuel used on
the public highway of Texas and for all motor
fuel used or otherwise disposed of in any
manner in which a tax refund is not author-
ized herein."  (Underscoring added)

Subdivision (a) of said Section 13, of said Article
7065b requires no interpretation and reads as follows:

"In all refund claims filed under this
section the burden shall be on the claimant
to furnish sufficient and satisfactory proof
to the Comptroller of the claimant's compliance
with all provisions of this Article; otherwise,
the refund claim shall be denied."

This opinion does not consider nor relate to any
type of tractor usage upon a public highway, in that your
inquiry covers only trucks, pick-ups and power wagons.
(Paragraph 2 of the quotation from your inquiry).

## SUMMARY

When no record is kept of "refund motor fuel" used by trucks, pick-ups, or power wagons while traveling upon a public highway between divisions of a ranch, and such motor fuel is not deducted from the claim, as required under the various Sections of Article 7065b, no tax refund on any part of such refund motor fuel purchased and covered by a particular invoice of exemption and used off of a public highway is authorized.

Yours very truly,

WILL WILSON
Attorney General

By W. E. Allen

W. E. Allen
Assistant

WEA:gs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

Mary Kate Wall

Howard Mays

W. R. Hemphill

Wayland C. Rivers, Jr.